NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 22-3395 (RK) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on Francisco V.'s ("Francisco")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Francisco's request for disability insurance benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.    BACKGROUND**

In this appeal, the Court must answer two questions. *First,* does substantial evidence support Administrative Law Judge Ricardy Damille's ("Judge Damille") Step Three determination that no impairment or combination of impairments met the criteria of any listed impairment? *Second,* does substantial evidence support Judge Damille's determination of Francisco's residual functional capacity?

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

A.   **PROCEDURAL POSTURE**

Francisco filed an application for a period of disability and disability insurance benefits on May 24, 2012, alleging an onset date of October 18, 2010. (Administrative Record ("AR") at 175–76.)[2] The Social Security Administration (the "Administration") denied the request both initially and on reconsideration by medical consultants with the Disability Determination Services. (*Id.* at 66–96.) Francisco requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 102), who thereafter held an in-person hearing on October 15, 2014 (*id.* at 30–65). The ALJ issued a written opinion finding that Francisco was not disabled. (*Id.* at 12–29) The Administration's Appeals Council affirmed the determination on appeal (*id.* at 1–7), and Francisco appealed to the United States District Court (*id.* at 932). While the appeal was pending before the District Court, Francisco filed a subsequent claim for disability benefits on September 24, 2016. (*Id.* at 1050–51). By Consent Order dated July 21, 2017, the District Court remanded the case to the Commissioner for further proceedings. (*Id.* at 937–38). The Appeals Council ordered Francisco's later-filed claim for disability benefits consolidated with his first claim. (*Id.* at 941–45.)

On remand, the ALJ held a hearing on August 2, 2018. (*Id.* at 880–906.) The ALJ issued a written opinion again finding Francisco not disabled. (*Id.* at 860–72.) Francisco appealed again to the United States District Court, and on October 30, 2020, the Honorable Michael A. Shipp remanded the case for the ALJ to further evaluate Francisco's impairments in combination at Step Three. (*Id.* at 1139–46.)

On November 16, 2021, Judge Damille conducted a hearing during which a vocational expert

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 4-1 through 4-18. This opinion will reference only page numbers in the Record without the corresponding ECF numbers.

and Francisco (who was represented by counsel) testified. (*Id.* at 1107–32.) On February 9, 2022, Judge Damille issued a written decision finding Francisco not disabled. (*Id.* at 1087–99.) This appeal followed. (ECF No. 1.) The Administrative Record was filed on July 26, 2022 (ECF No. 4), Francisco filed his moving brief on March 8, 2023 (ECF No. 11), and the Commissioner filed an opposition brief on April 24, 2023 (ECF No. 12).

    B.    **JUDGE DAMILLE'S DECISION**

In his February 9, 2022 opinion, Judge Damille held that Francisco was not disabled under the prevailing Administration regulations. (*See generally* AR at 1084–99.) To reach this decision, Judge Damille set out the five-step process for determining whether an individual is disabled set forth in 20 C.F.R. § 404.1520(a). (*Id.* at 1088–.) At Step One, Judge Damille found that Francisco had not engaged in substantial gainful activity between the alleged onset date, October 18, 2010, and the date last insured, September 30, 2017, shortly after which Francisco returned to full-time work. (*Id.* at 1089–90 (citing 20 C.F.R. §§ 404.1520(b), 404.1571).) At Step Two, Judge Damille found that Francisco suffered from several severe impairments, including cervical disc herniation, right shoulder injury, carpal tunnel in the hands, history of right elbow ulnar nerve release, left arm ulnar and median nerve impingement, and a history of right trigger finger release. (*Id.* at 1090 (citing 20 C.F.R. § 404.1520(c)).) At Step Three, Judge Damille determined that Francisco did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 1090–92 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) As a precursor to Step Four, Judge Damille concluded that Francisco had the residual functional capacity ("RFC") to perform "light work" but that any job he performed must be limited in specified ways, including only "occasional pushing and pulling with the upper extremities," "occasional[] finger[ing] with the right hand," and "never reach[ing]

3

overhead with the upper extremities." (*Id.* at 1092–97.) At Step Four, Judge Damille concluded that Francisco "is unable to perform any past relevant work." (*Id.* at 1097 (citing 20 C.F.R. § 404.1565).) Finally, at Step Five, Judge Damille heard testimony from a vocational expert and concluded that "there were jobs that existed in significant numbers in the national economy" that Francisco could have performed. (*Id.* at 1097–98 (citing 20 C.F.R. §§ 404.1569, 404.1569a).)

This appeal concerns Judge Damille's Step Three and RFC determinations. At Step Three, Judge Damille considered whether Francisco met the requirements for Listing 1.15 ("Disorders of the skeletal spine resulting in compromise of a nerve root(s)"), Listing 1.18 ("Abnormality of a major joint(s) in any extremity"), and Listing 11.14 ("Peripheral neuropathy"). (AR at 1090–92 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1).) After setting forth the standard he applied for each Listing, Judge Damille explained what medical evidence supported his conclusion that Francisco had not presented evidence sufficient for any Listing. (*Id.*) To support this analysis, Judge Damille cited and discussed medical imaging (*Id.* at 1091 (citing Ex. 10F)), medical opinion evidence (*Id.* at 1092 (citing Ex. 7F)), and treatment records (*Id.* at 1091 (citing Exs. 6F, 14F, 21F)). In concluding, Judge Damille noted that he had similarly "considered the totality of the claimant's impairments" and found that "the record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment." (*Id.* at 1092). He concluded that "no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairments medically equal a listed impairment." (*Id.*)

In explaining his RFC determination at the precursor to Step Four, Judge Damille acknowledged Francisco's subjective complaints and claimed functional limitations. (*Id.* at 1093.) He found Francisco's claims were "not entirely consistent with the medical evidence and

4

other evidence in the record" and explicated how his RFC determination found support in the medical records he reviewed. (*Id.* at 1093.) An MRI of Francisco's right shoulder in October 2010 was "normal" and Francisco's "cervical spine had normal ranges of motion, he had no spasms, he had 5/5 strength, and he had a negative Spurling sign." (*Id.* at 1093 (citing Exs. 5F/3-4, 19F/10, 21F/37, 24F, 17).) The following month, medical records reflected that Francisco "had a normal gait" and "normal alignment of his shoulders, elbows, and wrists" and "was able to perform normal activities with his gait and manipulation of articles of clothing, he had full ranges of motion." (*Id.* at 1093–94 (citing Exs. 6F/1, 22).) Recounting Francisco's treatment history, Judge Damille observed that he "treated with multiple modalities including medication, physical therapy, surgery, and injections with some relief from his symptoms." (*Id.* at 1094 (citing Exs. 8F, 13F, 16F, 21F).)

Judge Damille's RFC analysis likewise examined the decisions of Francisco's treating and consulting physicians in depth. Judge Damille cited the findings of state medical consultants, who described Francisco as capable of "a range of light work with never climbing on ladders, ropes, or scaffolds" or "reach[ing] right overhead." (*Id.* at 1095 (citing Exs. 1A, 4A).) Judge Damille assigned partial weight to the opinion of Dr. Shawn Sieler that Francisco could "perform light to medium category work of up to 35 pounds" with limitations on reaching up. (AR at 1095 (citing Ex. 14F/3-5)) and the opinion of Dr. Steven Reich that Francisco could "perform light to medium work" of "occasional lifting and work up to 35 pounds . . . with precautions on right upper extremity activities." (*Id.* at 1095 (citing Ex. 14F/1).) Judge Damille explained why he only partially credited each opinion, which medical evidence undermined the physicians' opinions, and which physical limitations justified his RFC determination. (*Id.* at 1095.)

5

## II.  LEGAL STANDARD

### A.  STANDARD OF REVIEW

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir. 2001) ("If the Appeals Council denies the request for review, the ALJ's decision is the Commissioner's final decision." (citation omitted)). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Morales v. Apfel,* 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. Nat'l Labor Relations Bd.,* 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005) (citation omitted).

In reviewing the record for substantial evidence, the court "may not 'weigh the evidence or substitute [its own] conclusions for those of the fact-finder.'" *Id.* at 552 (quoting *Williams v. Sullivan,* 970 F.2d 1178, 1182 (3d Cir. 1992)). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin,* 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been

6

rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris,* 642 F.2d 700, 706–07 (3d Cir. 1981) (citation omitted).

### B.  ESTABLISHING ELIGIBILITY FOR DISABILITY INSURANCE BENEFITS

To be eligible for disability insurance benefits, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(l)(A). A claimant is disabled only if their physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). At Step One, a claimant must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 404.1520(a)(4)(i). For Step Two, the claimant must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(h). Step Three requires that a claimant provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant demonstrates that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to disability insurance benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to the next

step. As a precursor to Step Four, the ALJ must determine whether the claimant's RFC permit them to resume previous employment. *Id.* § 404.1520(a)(4)(iv). If a claimant's RFC permits previous employment, the claimants is not "disabled" and not entitled to disability insurance benefits. *Id.* § 404.1520(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.,* 306 F. App'x 761, 763 (3d Cir. 2009) (non-precedential). At Step Five, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, the claimant will receive disability insurance benefits. 20 C.F.R. § 404.1520(g).

## III.   DISCUSSION

Francisco appeals the Administration's Appeals Council's affirmance of Judge Damille's decision. He argues that Judge Damille committed legal error by failing to adequately explain his reasoning in making his Step Three and RFC determinations.[3]

### A.   STEP THREE — IMPAIRMENT

Francisco agrees with Judge Damille that none of his impairments on their own are severe enough to meet the severity of any of the regulation's listed impairments. (ECF No. 11 at 12 ("[T]he ALJ *adequately* considered individual impairments against their designated listings."

---

[3] Francisco argues in a footnote that Judge Damille's Step Two finding that Francisco's Insulin-dependent diabetes was not a "severe impairment" ran afoul of the Commissioner's controlling ruling governing the consideration of diabetes. (ECF No. 11 at 12 n.2 (citing AR at 1090).) Even assuming this constituted legal error, it is harmless because Judge Damille found multiple other severe impairments and proceeded to Step Three. *See Salles v. Comm'r of Soc. Sec.,* 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (non-precedential) ("Because the ALJ found in [claimant's] favor at Step Two, even if he had erroneously concluded that some of [his] other impairments were non-severe, any error was harmless." (citing *Rutherford,* 399 F.3d at 553)); *Theresa S. v. Kijakazi,* No. 21-19997, 2022 WL 17959581, at *12–13 (D.N.J. Dec. 27, 2022) ("[E]ven if the ALJ's determination that [claimant's] diabetes is not severe was in error, it would be a harmless error because the ALJ did not decide against [claimant] at Step 2.").

(emphasis in original)).) His sole contention on appeal regarding Judge Damille's Step Three analysis is that Judge Damille ignored Judge Shipp's prior instruction on remand for the ALJ to consider whether Francisco's impairments in combination met any listing. (*Id.* at 12–13 ("But when the decision turns to the Court-ordered consideration of all severe impairments in combination, it defies the remand order by issuing a templated, evidence-free solitary and singular conclusory statement . . . .").)

At the outset, the Court does not agree that Francisco properly defines the scope of this Court's review. A remand order "terminate[s] the civil action challenging the Secretary's final determination that [the claimant] was not entitled to benefits." *Sullivan v. Finkelstein*, 496 U.S. 617, 624–25 (1990). "[E]ach final decision of the Secretary [is] reviewable by a separate piece of litigation." *Id.* Thus, although prior orders to the ALJ are relevant, the Court's review is not limited to determining whether the ALJ complied with the previous remand order. Rather, the Court reviews the "*final decision* of the Commissioner of Social Security," 42 U.S.C. § 405(g) (emphasis added), and determines for itself whether the ALJ's findings of fact are supported by substantial evidence, *Morales,* 225 F.3d at 316 (3d Cir. 2000) (holding that a reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence in the record"); *see also Correa v. Comm'r of Soc. Sec.*, No. 20-00367, 2022 WL 17622967, at *6 (D.N.J. Dec. 13, 2022) ("[O]ur review does not hinge on whether the ALJ arrived at an RFC determination different than the initial decision, rather, as discussed below, this Court must evaluate whether the ALJ based her RFC determination on substantial evidence.").

On review of Judge Damille's decision and the record, the Court finds that substantial evidence supports Judge Damille's Step Three determination, including his conclusion that none of Francisco's impairments in combination met any listing. As noted above, Francisco agrees that

9

none of his impairments are alone severe enough to meet any listing. (ECF No. 11 at 12.) Indeed, the Court concludes that substantial evidence supports Judge Damille's determination that Listing 1.15, 1.18, and 11.14 were not met. (AR at 1091–92.) With respect to considering the impairments in combination, Judge Damille noted at the outset his instruction on remand: "The District Court remanded the case for further analysis regarding the combined effects of the claimant's impairments at Step 3." (*Id.* at 1087.) After spelling out in five paragraphs his analysis of why Francisco's impairments did not meet the requirements for Listing 1.15, 1.18 or 11.14, Judge Damille concluded that he "considered the totality of the claimant's impairments" and found that "the record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment." (*Id.* at 1092.) Furthermore, "no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairments medically equal a listed impairment." (*Id.*) Specifically, Judge Damille stated: "I considered all of the claimant's severe and non-severe impairments in determining the claimant's residual functional capacity, and appropriate exertional, postural, reach, environmental, and mental limitations have been included to address the claimant's severe and non-severe impairments." (*Id.* at 1090.)

    The Court finds that Judge Damille's decision provides sufficient information to provide meaningful review. An ALJ's step three analysis need not use "particular language or adhere to particular form," but must only provide a "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Ochs v. Comm'r of Soc. Sec.*, 187 F. App'x 186, 189 (3d Cir. 2006) (non-precedential) (quoting *Cotter*, 650 F.2d at 482)

(affirming non-disability finding in which ALJ did not identify the specific listing considered at Step Three). Thus, between Judge Damille's in-depth explanation of each listing he considered, the evidence he considered with respect to each listing, and his recognition of his task on remand and clear consideration of the impairments in combination, substantial evidence supports his conclusion.

Furthermore, assuming *arguendo* Francisco's contention that Judge Damille committed legal error, either by ignoring Judge Shipp's remand order, *see Correa*, No. 2022 WL 17622967, at *5, or by failing to consider whether a combination of Francisco's impairments was severe enough to meet any Listing, Francisco has not carried his burden to establish that the error is harmful. An ALJ's determination at Step Three is subject to ordinary harmless error review, under which the claimant "bears the burden to demonstrate harm." *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814–15 (3d Cir. 2016) (non-precedential). The plaintiff must therefore explain "'how the . . . error to which he points could have made any difference.'" *Id.* As the Third Circuit summarized in a non-precedential opinion affirming an ALJ's finding of non-disability:

> [Claimant] repeatedly states that his circumstances were not compared to the listings. But he never explains how, even if the ALJ's analysis was lacking, the deficiency was harmful to his claims. [Claimant] only says in very vague terms that an actual discussion of his impairments would lead to the conclusion that he was disabled at step three. This is unconvincing. [Claimant] has not affirmatively pointed to specific evidence that demonstrates he should succeed at step three. In other words, any error would be harmless.

*Woodson v. Comm'r Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016) (non-precedential) (citations omitted); *see also Rivera v. Comm'r*, 164 F. App'x 260, 263 (3d Cir. 2006) (non-precedential) (affirming an ALJ's conclusory Step Three analysis because the error was "harmless").

Francisco's brief offers neither argument nor evidence that suggest what combination of

11

Francisco's disabilities would have allowed Judge Damille to find in Francisco's favor at Step Three. Francisco's five-paged argument on the alleged legal error at Step Three focuses solely on what Judge Damille did not do, namely that he allegedly did not discuss in depth whether any combination of impairments met the Listings. (ECF No. 11 at 9–14.) Francisco fails to marshal the record or legal citations necessary to show the Court that one of the listings could have been met accepting the argument that Judge Damille failed to consider Francisco's disabilities in combination. Therefore, even if the Court were to find that the ALJ committed legal error at Step Three, it would be unable to find that any harm flows from the error. *See Lopez v. Comm'r of Soc. Sec.*, No. 17-8461, 2020 WL 3118748, at \*2 (D.N.J. June 12, 2020) ("[E]ven if Plaintiff succeeded in persuading that the ALJ erred at step three, Plaintiff also bears the burden of showing that this error was harmful, and Plaintiff has not done so." (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009))).

### B. STEP FOUR — RFC DETERMINATION

Francisco's second argument is that Judge Damille's RFC determination was issued "in an evidentiary vacuum" without "expla[nation of] the rationale upon which each or any of its particular findings is or are predicated." (ECF No. 11 at 20.) Francisco poses a series of questions he contends Judge Damille does not answer. (*Id.* at 22–23.) Francisco argues that the RFC determination lacked a "function-by-function analysis making factual findings regarding sitting, standing, walking, lifting and carrying and offering a rationale for these findings." (*Id.* at 23.)

The Court "examine[s] the ALJ's conclusions as to a claimant's RFC with 'the deference required of the substantial evidence standard of review.'" *Martin v. Comm'r of Soc. Sec.*, 547 F. App'x 153, 160 (3d Cir. 2013) (non-precedential) (quoting *Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002)). The Court finds that substantial evidence supports each component of

Judge Damille's RFC decision. The determination that Francisco could perform "light work as defined in 20 C.F.R. § 404.1567(b) except the claimant is limited to occasional pushing and pulling with the upper extremities" (AR at 1092) is supported by the findings of Dr. Sieler that Francisco could "perform light to medium category work of up to 35 pounds" (*id.* at 1095 (citing Ex. 14F/3-5)) and Dr. Reich that Francisco could "perform light to medium work" (*id.* at 1095 (citing Ex. 14F/1)). The determination that Francisco could "never reach overhead with the upper extremities" (*id.* at 1092) finds support in medical determinations that Francisco had "right shoulder injury" and recommendation "that his work height for his right upper extremity be limited to shoulder level and below" (*id.* at 1095 (citing Ex. 14F/1).) The determination that Francisco could "frequently handle with the hands but occasionally finger with the right hand" (*id.* at 1092) is buoyed by findings that Francisco had a "history of right trigger finger release" and that he had "some pain and weakness and range of motion deficits" (*id.* at 1095 (citing Exs. 14F/6-14, 25F).)

In short, each capability and limitation described in Judge Damille's RFC determination was adequately supported by substantial evidence included in the record and considered by Judge Damille and set forth in his extensive RFC discussion.

Francisco does not explain how he believes the RFC falsely represents his capabilities or how the alleged error was harmful. "[I]n order for an error to be harmful, the attacking party must affirmatively identify evidence that the impairment imposes additional limitations on his or her functional capabilities." *Gullace v. Colvin*, No. 15-7630, 2017 WL 714356, at *10 (D.N.J. Feb. 23, 2017). This requirement applies with equal force when a plaintiff challenges the ALJ's RFC determination. *See, e.g., Stibgen v. Comm'r of Soc. Sec.*, No. 20-568, 2021 WL 457886, at *3 (D.N.J. Feb. 9, 2021) (finding that plaintiff failed to establish what harm resulted from the ALJ's

alleged error because she "largely only repeats the medical evidence that she believes best supports her case" and "argues globally that the evidence of record does not support the RFC determination"); *Nova v. Comm'r of Soc. Sec.*, No. 15-7728, 2017 WL 1365005, at *9 (D.N.J. Apr. 10, 2017) ("Plaintiff does not explain why her obesity should have resulted in a different RFC; Plaintiff simply states that the ALJ failed to consider it—a contention that, in any event, is refuted by a plain reading of the ALJ's decision.").

Francisco argues that the ALJ "may not disregard an otherwise credible medical opinion based solely on the ALJ's own 'amorphous impressions'" (ECF No. 11 at 18 (quoting *Morales*, 225 F.3d at 318)), but nowhere identifies the "credible medical opinion" Judge Damille supposedly disregarded. Francisco asks a series of hypothetical questions at this Step which he contends Judge Damille's decision should have answered (ECF No. 11 at 22–23), but he fails to point to any evidence on the record that would explain what he believes the proper RFC determination would be.[4]

---

[4] Francisco even argues that the Court should "reverse and award benefits rather than remand for a new hearing" because here "disability is clearly established." (ECF No. 11 at 25.) However, a reviewing court should only award benefits rather than remand a case "when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984). Because Francisco discusses no medical evidence and cites no portions of the record demonstrating his disability, the Court has no way to make that conclusion for itself, short of conducting an independent review of the twelve-hundred-paged Administrative Record.

IV.  **CONCLUSION**

Having reviewed the record as a whole, the Court affirms the affirmance of Judge Damille's decision by the Administration's Appeals Council. The Court issues an order consistent with this Memorandum Opinion.

                                                          **ROBERT KIRSCH**
                                                          **UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: July 31, 2023